IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:17-cr-00198-2

DENNIS CARTER

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Dennis Carter's pro se motion for compassionate release. [ECF No. 452]. In deciding such motions, the court will consider whether the defendant has exhausted his or her administrative remedies, whether the defendant has demonstrated "extraordinary and compelling reasons" for release, and whether the § 3553(a) factors support release. In deciding what constitutes "extraordinary and compelling reasons" for release by reason of COVID-19, a defendant must demonstrate that he or she has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19 and that he or she is at a facility which cannot effectively prevent the spread of the virus.

I.  Background

On June 18, 2018, I sentenced Mr. Carter to 188 months of imprisonment followed by 5 years of supervised release after he pled guilty to conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846. [ECF No. 276].

Mr. Carter is currently imprisoned at Federal Correctional Institution Loretto. He alleges he currently suffers from severe asthma [ECF No. 452, at 5]. FCI Loretto is a low security correctional institution with an adjacent minimum security satellite camp. FCI Loretto currently houses 803 total inmates. *FCI Loretto*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/lor/ (last visited Nov. 23, 2021). As of November 22, 2021, there were no active cases of COVID-19 among prisoners and one active case among staff at FCI Loretto. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Nov. 23, 2021).

## II. Discussion

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before a defendant makes such a request, he must ask BOP to do so on his behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Once an inmate has satisfied administrative exhaustion, a court may reduce his sentence upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release." *United*

*States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in United States Sentencing Guideline § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). Therefore, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have joined other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a medical condition that puts him or her more at risk for developing a serious illness from COVID-19 *and* his prison conditions are such that BOP cannot effectively prevent the spread of COVID-19. In deciding which medical conditions result in an inmate being at higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*,

3

CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 23, 2021). Factors I consider in determining whether BOP can effectively prevent the spread of COVID-19 at the facility include, but are not limited to, the steps BOP has taken to stop the spread of COVID-19 in that particular prison and steps to follow CDC guidance, the ability of inmates to socially distance, the amount of hygiene products and face masks provided to inmates, and the number of COVID-19 cases in that prison. *United States v. Boston*, No. 2:19-cr-00162, 2021 WL 77466, at *3–4 (S.D. W. Va. Jan. 7, 2021); *see also United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at *2 (D. Md. April 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not translate to the release of a person accused.").

### a) Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

Mr. Carter attached documentation to his motion showing that he requested compassionate release from the warden at FCI Loretto in August 2021. [ECF No. 452, at 16]. That request was denied. Because more than thirty days have passed since Mr. Carter sent his initial request to the warden, I find that Mr. Carter has exhausted his administrative remedies. I now turn to whether Mr. Carter has alleged extraordinary and compelling reasons that would justify compassionate release.

b) **Extraordinary and Compelling Reasons**

As explained above, in order to demonstrate extraordinary and compelling reasons for release, Mr. Carter must show that he has a medical condition that puts him more at risk for developing a serious illness from COVID-19 *and* the facility where he is housed has conditions such that its inmates are at a higher risk of contracting COVID-19.

Mr. Carter alleges that compelling and extraordinary reasons exist to grant him compassionate release due to COVID-19 because he suffers from severe asthma. Mr. Carter included medical records confirming that his is diagnosed with asthma. However, those records do not denote whether Mr. Carter's asthma is considered "moderate to severe," the threshold at which it makes the CDC list of medical conditions. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 23, 2021). Even assuming Mr. Carter's asthma is considered severe, I could not grant him compassionate release because he has not shown that his prison conditions are such that BOP cannot effectively prevent the spread of COVID-19.

Mr. Carter alleges that he is "terrified to take the vaccine because they are not following protocol in this prison and as of today there are cases of covid in the prison." [ECF No. 452, at 18]. Mr. Carter does not discuss what protocols are not being followed. While I understand that Mr. Carter is concerned about being incarcerated

5

during the COVID-19 pandemic, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020). Based on the evidence presented, I cannot find that BOP is unable to control the spread of COVID-19 at FCI Loretto. FCI Loretto currently has no active inmate cases, and data provided by BOP shows that FCI Loretto has not had any active cases among inmates at any point since May 27, 2021. *Active Cases of COVID-19 Over Time*, FCI Loretto, https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/page_2/ (last visited Nov. 22, 2021). This fact convinces me that Mr. Carter's prison conditions are not currently such that BOP is unable to control the spread of COVID-19.

### III. Conclusion

Mr. Carter's motion for compassionate release [ECF No. 452] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: November 23, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE