IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:17-cr-198-002

DENNIS CARTER

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 459]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive

application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on January 26, 2024, this case was designated for Expedited consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, amended Judgment and Commitment Order and Statement of Reasons, addendum to the PSR from the Probation Office, plea agreement, and the materials submitted by the Defendant on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The United States did not file objections to this court's designation of the Defendant for Expedited consideration and or to the reduction ordered herein.

On June 18, 2018, Mr. Carter was sentenced to 188 months of imprisonment, to be followed by five years of supervised release, for Conspiracy to Distribute 100 Grams or More of Heroin, in violation of 21 U.S.C. § 846. [ECF No. 276]. At the time of his original sentencing, Mr. Carter was found to be a career offender and received an enhancement based on this, resulting in a Total Offense Level of 31. [ECF No. 279, ¶ 44]. At that time, Mr. Carter had a subtotal of eight criminal history points and also received an additional two points for status pursuant to U.S.S.G. § 4A1.1(d), for

a total of ten criminal history points. *Id.* ¶¶ 57–59. However, because Mr. Carter qualified as a career offender, his Criminal History Category was VI. *Id.* ¶ 60. Based on a Total Offense Level of 31 and a Criminal History Category of VI, Mr. Carter's guideline range was 188 to 235 months imprisonment.

On November 4, 2019, Mr. Carter appeared for resentencing following an appeal to the Fourth Circuit. During his resentencing, the court sustained Mr. Carter's objection to his classification as a career offender. [ECF No. 400, at 1]. Without the Chapter Four Enhancement for career offenders, Mr. Carter's Total Offense Level at resentencing was 27, and his Criminal History Category was V based on a total ten criminal history points, which included two points for status. *Id.* Based on a Total Offense Level of 27 and a Criminal History Category of V, Mr. Carter was subject to a guideline range of 120 to 150 months. Mr. Carter was resentenced to 120 months of imprisonment, to be followed by four years of supervised release. *See* [ECF No. 398].

Following the implementation of Amendment 821, Mr. Carter would not receive any status points, which reduces his total points from ten to eight. One point is then added pursuant to U.S.S.G. § 4A1.1(e) (Nov. 2023) because Mr. Carter committed the offense of conviction while under a criminal justice sentence, resulting in a total of nine criminal history points. This lowers his Criminal History Category from V to IV. Based on a Total Offense Level of 27 and a Criminal History Category of IV, Mr. Carter's amended advisory guideline range is 100 to 125 months.

Based on this reduction in his guideline range, Mr. Carter is eligible for a

sentence reduction. The Court has carefully considered whether to grant a reduction in this case. I am heavily influenced by Mr. Carter's performance while in prison. He has completed drug education and earned his GED. Furthermore, to his credit, Mr. Carter has only had one disciplinary infraction while in BOP custody. It is based on these facts that I am inclined to grant Mr. Carter a sentence reduction and reduce his sentence to the bottom of his amended guideline range.

Based on the foregoing considerations, the Motion is **GRANTED**. The Court **ORDERS** that Defendant's Criminal History Category be reduced from Category V to Category IV, for a new advisory guideline range of 100 months to 125 months. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of 100 months, with credit for time served to date, effective March 8, 2024. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the judgment entered on November 4, 2019, shall remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:      February 27, 2024

EFFECTIVE:  March 8, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4